W. T. GARTMAN ET AL. V. CITY OF McALLEN ET AL.

No. 6950. Decided July 21, 1937.
Rehearing overruled October 20, 1937.
(107 S. W., 2d Series, 879.)

238

*W. C. Douglas,* of San Antonio, and *B. D. Kimbrough,* of McAllen, for plaintiffs in error.

The operation of the hospital by the city, even though authorized by a vote of the people, was voluntary and for the particular benefit of the locality and as a corporate activity and not as a governmental function. Waco v. Branch, 5 S. W. (2d) 498; Wichita Falls v. Mauldin, 39 S. W. (2d) 859; Whitfield v. Paris, 84 Texas 431, 19 S. W. 566, 15 L. R. A. (N. S.) 783; 30 Tex. Jur. 524; 7 Texas Law Review 326.

*Seabury, Taylor & Wagner,* of Brownsville, and *E. A. Mc-Daniel,* of McAllen, for defendants in error.

The said hospital was established and operated as a governmental function and was not liable for the negligence, if any, of the nurses in the case in question. Lightfoot v. Poindexter, 199 S. W. 1152; Wallwork v. City of Nashville, 147 Tenn. 681, 251 S. W. 775; 9 Tex. Jur. 65; 43 C. J. 1169.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

On appeal by the City of McAllen and the Medical Protective Company, defendants in error, from a judgment rendered against them by the district court in favor of plaintiffs in error, W. T. Gartman and wife, for damages on account of personal

injuries suffered by Mrs. Gartman, through the negligence of a nurse, while a paying patient in a hospital owned and operated by the city, the Court of Civil Appeals reversed the trial court's judgment and rendered judgment in favor of the city and the indemnity company. 81 S. W. (2d) 147.

Application for writ of error, at first refused, was granted on rehearing on account of the pendency of Cause No. 6928, City of Dallas v. Smith, this day decided [130 Texas 225], involving the same question.

After careful examination of all of the evidence in the statement of facts as to the purpose for which the hospital was established and the manner of its maintenance and operation, we agree with the conclusion of the Court of Civil Appeals that, according to the undisputed evidence, the hospital was established, maintained and operated by the city for the benefit of the public and the community, to take care of the sick and afflicted, and not for the purpose of profit or revenue to the city. A summary of the facts supporting this conclusion is set out in the opinion of the Court of Civil Appeals.

It follows, for the reasons given and upon the authorities cited in the opinion in the case of City of Dallas v. Smith, that the City of McAllen was exercising a governmental power in the maintenance and operation of the hospital and is not liable for the act of negligence of its employee.

The fact that the city was not required to establish and maintain a hospital but voluntarily exercised the power does not change the nature of the power. The maintaining of such hospital was the exercise of a power conferred upon the city for a purpose essentially public, a governmental function, and was not the performance of a work quasi public in character undertaken and intended for the private advantage and benefit of the locality and its inhabitants. City of Galveston v. Posnainsky, 62 Texas 118, 127-128; McVey v. City of Houston, 273 S. W. 313, 314; Young v. City of Worcester, 253 Mass. 481, 149 N. E. 204; Tindley v. City of Salem, 137 Mass. 471, 50 Am. Rep. 289; Pope v. City of New Haven, 91 Conn. 79, 99 Atl. 51; Heino v. City of Grand Rapids, 202 Mich. 363, 168 N. W. 512; McQuillin's Municipal Corporations, (2d ed.) Revised Volume 6, pp. 1063-1064, Sec. 2797.

Other propositions presented by plaintiffs in error are answered by the principles discussed and authorities cited in City of Dallas v. Smith.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court July 21, 1937.