ARTHUR S. DILLEY ET UX V. CITY OF HOUSTON.

No. A-2135. Decided June 22, 1949.
Rehearing overruled October 5, 1949.
(222 S. W., 2d Series, 992.)

*Roy Walford* and *Harry H. Burns,* of Houston, for petitioners.

The trial court erred in holding as a matter of law that the storm sewer in question was a governmental function of the city of Houston, and in entering judgment notwithstanding the verdict, and the Court of Civil Appeals erred in affirming that judgment. City of Houston v. Posnainsky, 62 Texas 118; City of Dallas v. Webb, 54 S. W. 398; City of Amarillo v. Ware, 120 Texas 456, 40 S. W. (2d) 57.

*Will Sears,* City Attorney, and *Bennett Lay,* Assistant City Attorney, both of Houston, for respondent.

The opinion of the Court of Civil Appeals was correct in holding that the construction of the storm sewer was a governmental function and the city was not liable. City of Gladewater v. Evans, 116 S. W. (2d) 486, writ of error refused; Gotcher v. City of Farmersville, 137 Texas 12, 151 S. W. (2d) 565; State v. Hale, 136 Texas 29, 146 S. W. (2d) 731.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

We adopt the statement as to the nature and result of the suit as made by the Court of Civil Appeals in their opinion. 217 S. W. (2d) 459. As stated by them, the liability vel non of the City of Houston to the petitioners depends upon the answer to the query: Was the construction and maintenance of the storm sewer in question a governmental or proprietary function of the City of Houston?

The rules governing the liability or non-liability of a city

for the negligent acts of its servants and employees are well settled. They have been declared many times by this Court, and very clearly and succinctly in the case of City of Houston v. Quinones, 142 Texas 282, 177 S. W. (2d) 261, wherein we said:

"In the recent case of City of Tyler v. Ingram, 139 Texas 600, 164 S. W. (2d) 516, 519, this court had before it for decision the liability of a city for alleged negligent acts of an employee of the city, and in that case the following rules were announced:

" 'A municipal corporation functions in a dual capacity. At times it functions as a private corporation, and at other times it functions as an arm of the government. Therefore its liability or nonliability rests upon the following two rules:

" '(1) When a municipal corporation acts in its private capacity, for the benefit only of those within its corporate limits, and not as an arm of the government, it is liable for the negligence of its representatives. Scroggins v. City of Harlingen, 131 Texas 237, 112 S. W. (2d) 1035, 114 S. W. (2d) 853; City of Waco v. Branch et al, 117 Texas 394, 5 S. W. (2d) 498; Id., Tex. Civ. App., 8 S. W. (2d) 271; City of Amarillo v. Ware, 120 Texas 456, 40 S. W. (2d) 57; City of Galveston v. Posnainsky, 62 Texas 118, 50 Am. Rep. 517; 30 Texas Jur., p. 452, sec. 299; 6 McQuillin on Municipal Corporations, 2d Ed., p. 1058 sec. 2796.

" '(2) A municipal corporation is not liable for the negligence of its agents and employees in the performance of purely governmental matters solely for the public benefit. Scroggins v. City of Harlingen, supra; City of Dallas v. Smith, 130 Texas 225, 107 S. W. (2d) 872; Gartman v. City of McAllen, 130 Texas 237, 107 S. W. (2d) 879; City of Ft. Worth v. Wiggins, Tex. Com. App., 5 S. W. (2d) 761; City of Amarillo v. Ware, 120 Texas 456, 40 S. W. (2d) 57; City of Galveston v. Posnainsky, supra; City of Trenton v. State of New Jersey, 262 U. S. 182, 43 S. Ct. 534, 67 L. Ed. 937, 29 A. L. R. 1471; 30 Texas Jur., p. 523, sec. 289; 6 McQuillin on Municipal Corporation, 2d Ed., pp. 1044 and 1058, secs. 2793 and 2796.' ' "

This Court in the case of City of Amarillo v. Ware, 120 Texas 456, 40 S. W. (2d) 57, expressly held that the construction, operation and maintenance of a storm sewer by a city was not a purely governmental function. The Court of Civil Appeals at Waco in the case of City of Waco v. Thompson, 127 S. W. (2d) 223, wr. dis. cor. judg., held that a city constructing a storm

sewer was not acting in the performance of its purely governental function. Jones v. City of Texarkana, 100 S. W. (2d) 198, writ dismissed reversed the judgment of the trial court which had sustained a general demurrer to the plaintiff's petition on the ground that the petition showed on its face that the City of Texarkana was engaged in a governmental function in the construction of sewer ditch in which plaintiff was injured.

■ "The construction and operation of a sewer system, or systems of storm sewers, is not the exercise of a strictly governmental function; it is rather primarily for the benefit of that portion of the public within the corporate limits of the city, and the city is liable for damages resulting from the negligence or misfeasance of its officers or servants in the construction or operation of the same." 30 Tex. Jur. p. 303.

"Storm sewers, as distinguished from sanitary sewers, are usually constructed in connection with improvement of the streets, are primarily for the purpose of surface drainage, are not constructed in connection with any sanitary undertaking, and their construction is not in the performance of a governmental function." 38 Am. Jur. p. 340.

In the case at bar we find that the storm sewer in question had existed for many years. Dr. Randle J. Brady who had been practicing medicine in Houston since 1930, except for the war years, testified that he had played as a young boy in the mouth of this sewer as it then existed. An open ditch then led up to the mouth of the storm sewer. In 1944 approximately 200 ft. of this open ditch had been covered and additional sewer line installed so as to make the opening of the sewer at Hayes and Cetti Streets where the accident took place which resulted in John Arthur Dilley being drowned. Open ditches still existed at the time of trial feeding into this storm sewer. The evidence shows that this storm sewer existed primarily for the purpose of draining the waters from the area served by it, and that it was not a part of the sanitary sewer system but separate and distinct from that system. The storm sewer was not under the Health Department but was under street division of the Public Works Department of the City of Houston.

The city pleaded that this was sewer used for sanitary purposes and to promote the public health of the inhabitants of the city. The jury found in answer to Special Issue No. 3 that substantial and material use was not being made of the sewer in question for promoting sanitary conditions. Such finding is

sustained by the evidence in the cause. At most the evidence shows that the use of the sewer only incidentally promoted the health and well being of the inhabitants of the City of Houston. This Court held against a similar contention in the Quinones case, supra. If the storm sewer in question only incidentally promoted the health and sanitary conditions of the City of Houston, then it is not such a governmental function as will relieve the city of liability for its negligence in constructing, operating, and maintaining the sewers. City of Ft. Worth v. Wiggins, 5 S. W. (2d) 761, l.c. 1st col. p. 764(3) ; City of Houston v. Quinones, 172 S. W. (2d) 187, rev. on other grounds 142 Texas 282, 177 S. W. (2d) 259; Shearman and Redfield, Law of Negligence, Rev. Ed., Zipp, Vol. 2, p. 731 and p. 759; City of Amarillo v. Ware, 120 Texas 456, 40 S. W. (2d) 57, l.c. 1st col. p. 60.

■ The city defended also on the ground that the sewer in question was constructed in accordance with a well-recognized plan prepared by competent engineers and therefore there was no liability for injuries suffered or damages done by virtue of there being no protective grating over the entrance opening to the sewer. That a municipal corporation is not liable for the construction of an improvement in accordance with a well-recognized plan prepared by competent engineers is well settled. However, there is a liability attaching to the negligent operation and maintenance of such improvement. This rule is well stated in the case of Johnson v. District of Columbia, 118 U. S. 19, 6 Sup. Ct. 923, 30 L. Ed. 75, as follows:

"The duties of the municipal authorities, in adopting a general plan of drainage, and determining when and where sewers shall be built, of what size and at what level, are of a quasi judicial nature, involving the exercise of deliberate judgment and large discretion, and depending upon considerations affecting the public health and general convenience throughout an extensive territory, and the exercise of such judgment and discretion, in the selection and adoption of a general plan or system of drainage, is not subject to revision by a court or jury in a private action for not sufficiently draining a particular lot of land. But the construction and repair of sewers, according to the general plan so adopted, are simply ministerial duties; and for any negligence in so constructing a sewer, or keeping it in repair, the municipality which has constructed and owns the sewer may be sued by a person whose property is thereby injured."

"It is not the law that a municipal corporation may not be held liable for damages resulting from the negligent construc-

tion of a public improvement, although such improvement may be authorized by its charter. 2 Dill. Mun. Corp. Sec. 1048. The court did not err in overruling the exception." City of Dallas v. Webb, 22 Texas Civ. App. 48, 54 S. W. 299 1.c. 400 2d col., wr. ref.

See also to same effect: City of Wichita Falls v. Mauldin (Comm.) 39 S. W. (2d) 859, 1.c. 1st col. 862; Quotation from Louisville v. Flanders, 225 Ky. 41, 7 S. W. (2d) 514 set out in 90 A. L. R. 2d col. p. 1523; McQuillin Mun. Corp. 2d Ed. rev. vol. 6 p. 1078, sec. 2804, and p. 1227 et seq. sec. 2869 through note 11, and second paragraph page 1230 same author; Shearman & Redfield on Negligence, rev., Zipp, vol. 2, p. 752, note 74, idem sec. 312, p. 759, note 97; idem p. 760, note 98; Cooley on Torts, 4th Ed., Vol. 3, pp. 246-248, sec. 450, notes 53 and 55, Dillon Mun. Corp., 5th Ed., vol. 4, p. 3053, sec. 1741 and pp. 3054-5, sec. 1742.

We find that the City of Houston was not exempt from liability resulting from the negligence of its agents and servants in connection with the storm sewer wherein the child was drowned. This liability on the part of the City of Houston follows from our holding that the city was not engaged in a governmental function in the maintenance of the sewer, but on the contrary was engaged in a proprietary function. It follows that the trial court and the Court of Civil Appeals were in error in holding the city not liable under the facts of this case.

The City of Houston, in its brief on appeal, and the Court of Civil Appeals in its opinion, rely upon the case of City of Gladewater v. Evans, 116 S. W. (2d) 486, wr. ref. We think the holding in that case is in conflict with other holdings of this Court and of the Court of Civil Appeals, and that the latter holdings are supported by the great weight of authority and the better reasoning. In so far as the City of Gladewater case holds that the operation of a storm sewer is a governmental function of a city, the same is hereby expressly overruled. The other cases from Texas cited by the Court of Civil Appeals as sustaining its decision deal with sanitary sewers and matters clearly directly for protection and promotion of the public health and are recognized as enunciating correct legal principles as applied to the facts of those cases. We find no conflict in their holdings and our holding in the present case.

We have examined the record and this case was fully de-

veloped on the trial and it is our duty to render the judgment that should have been rendered by the trial court under the law and upon the jury verdict. It is therefore ordered that the judgments of the trial court and the Court of Civil Appeals in this cause, be, and they are hereby, reversed, and judgment is here rendered in favor of the petitioners Arthur S. Dilley and wife Theresa Dilley against the City of Houston for $6,000.00, together with interest thereon as provided by law.

Opinion delivered June 22, 1949.

Rehearing overruled October 5, 1949.