**C & C CONSTRUCTION CO. et al.,**
**Appellants,**

v.

**CITY OF PLAINVIEW, Appellee.**

**No. 7795.**

Court of Civil Appeals of Texas.

Amarillo.

March 18, 1968.

Rehearing Denied April 22, 1968.

Brown, Shuman & Harding, Nelson, Mc-Cleskey & Harriger, and R. Rex Aycock, Lubbock, for appellants.

Joe Sharp, Morehead, Sharp, Boyd & Tisdel, Plainview, Crenshaw, Dupree & Milam, and Cecil Kuhne, Lubbock, for appellee.

NORTHCUTT, Justice.

Plaintiff, C & C Construction Co., brought suit against the City of Plainview for damages caused by fire to a building and various items of personal property which damages plaintiff alleged to be $27,-613.20. Plaintiff alleged that the fire originated in the part of a nearby caliche pit which the City of Plainview was using as a sanitary fill for dumping and disposal of trash and garbage collected in the city. Plaintiff alleged that the fire was the result of negligence of the defendant; also that the use of the pit by defendant resulted in smoke and odors emanating from the pit and that defendant thereby created and maintained a nuisance.

Martin Garza filed a petition in intervention seeking recovery for damages to items of personal property on the premises allegedly owned by him.

The evidence is undisputed that the portion of the pit or draw being used by the City of Plainview was used solely for the purpose of disposal of trash and garbage collected in the City of Plainview. A bulldozer operator was stationed at the pit on Mondays through Saturdays to cover the trash and garbage with three to five inches of dirt after it had been dumped there by the city trucks.

The trial court submitted the case to the jury who found that the defendant was guilty of acts of negligence but in response to special issue seven found that the manner in which the caliche pit was maintained by the City of Plainview did not constitute nuisance.

Defendant presented its motion for judgment n. o. v. based mainly upon the ground that under the undisputed evidence the City of Plainview was engaged in disposal of trash and garbage in furtherance of a duty placed upon it by the laws of Texas which was a governmental function, and the city was not liable as a matter of law for any loss sustained by the plaintiff and intervenor.

The jury, in answer to special issue eight, found that C & C Construction Co. was not entitled to any damages. In answer to special issue nine, the jury found Garza was not entitled to any damages. Both the plaintiff and intervenor presented their motions for judgment n. o. v. requesting the court to disregard the answers to special issues eight and nine and to render judgment for them for their damages as shown by the undisputed evidence.

The trial court overruled the motion of the plaintiff and intervenor and sustained the defendant's motion for judgment on the ground that the functions the city was performing in disposing of the garbage in question were a governmental function and that the defendant was not liable to the plaintiff nor the intervenor in any sum. From that judgment the plaintiff and intervenor perfected this appeal. Hereinafter, the plaintiff and intervenor will be referred to as appellants and the City of Plainview as appellee.

The caliche pit in which the garbage was being delivered was owned by some parties in California. It was appellants' contention that the city was not immune from liability because in using the caliche pit to

dump garbage and trash had as one of its purposes a non-governmental function to fill in the land for the private individuals and to help the appearance of the property.

In determining whether a particular municipal activity is governmental or proprietary, there are certain rules to consider. The powers of a municipal corporation are denominated governmental, legislative or public; the other, proprietary or private. On distinction of these powers rests the doctrine of the common law of liability of municipal corporations. In its governmental or public character, the corporation is made by the state one of its instruments or the local depository over certain limited and prescribed political powers to be exercised for the public good on behalf of the state rather than for itself. But in its proprietary or private character the theory is that the powers are supposed not to be conferred primarily or chiefly from considerations connected with the government of the state at large but for private advantages of the compact community which is incorporated as a district personality or corporate individual.

In Robinson v. City of Hereford, Tex. Civ.App., 324 S.W.2d 313 (n. r. e.) it is stated as follows:

"In the case of City of Ft. Worth v. George, Tex.Civ.App., 108 S.W.2d 929 (writ refused) the court held that the collection and disposition of garbage and refuse matter from the homes in the city constitutes a 'governmental function', and that a city is not liable for injuries received as a result of the exercise of such a function. In the case of City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.2d 965, 966, the court said in part:

" 'It is well settled by the decisions of this court, as well as by those in other jurisdictions, that sanitation for the public health of a city is a governmental function, and that, when a city is exercising such power, it is not liable for injuries inflicted through the negligence of its officers and employees.' "

It is stated in Steele v. City of El Paso, Tex.Civ.App., 417 S.W.2d 923 (n. r. e.) as follows:

"It is elementary in the State of Texas that the operation and maintenance of a sanitary sewage system by a City is a governmental function and that a City is not liable for the negligent operation thereof, or the negligence of an employee thereof. Dilley v. City of Houston, 148 Tex. 191, 222 S.W.2d 992; Gregory v. City of Garland, Tex.Civ.App., 333 S.W. 2d 869 (ref., n. r. e.)."

Although the Supreme Court in the case of Dilley v. City of Houston, 148 Tex. 191, 222 S.W.2d 992 held the city was not acting in a governmental matter, it nevertheless held as follows:

"A municipal corporation is not liable for the negligence of its agents and employees in the performance of purely governmental matters solely for the public benefit. Scroggins v. City of Harlingen, supra [131 Tex. 237, 112 S.W.2d 1035, 114 S.W.2d 853]; City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872; Gartman v. City of McAllen, 130 Tex. 237, 107 S.W.2d 879; City of Fort Worth v. Wiggins, Tex.Com.App., 5 S.W.2d 761; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57; City of Galveston v. Posnainsky, supra [62 Tex. 118]; City of Trenton v. State of New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937, 29 A.L.R. 1471; 30 Tex.Jur., p. 523, § 289; 6 McQuillin on Municipal Corporations, 2d Ed., pp. 1044 and 1058, §§ 2793 and 2796."

We do not believe that the fact that the filling up of the caliche pit with garbage and trash might improve the pit property would eliminate the fact that the city was acting in a governmental function. The acts of the city were in disposing of the garbage and trash which is purely a governmental function. Judgment of the trial court is affirmed.