Affirmed and Memorandum Opinion filed March 27, 2007








Affirmed and Memorandum Opinion filed March 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00687-CV

_______________

 

VIRGINIA AND JOSE CARRASCO, Appellants

 

V.

 

THE CITY OF ALVIN, Appellee

                                                                                                                                               


On Appeal from the 412th District Court


 Brazoria County, Texas

Trial Court Cause No. 35184

                                                                                                                                               


 

M E M O R A N D U M    O P I N I O N

This case arises from the City of
Alvin=s allegedly negligent actions in
issuing building permits and inspecting a particular building.  The trial court
granted the City of Alvin=s plea to the jurisdiction asserting governmental immunity. 
We conclude appellants= claims regarding the alleged waiver or inapplicability of 
governmental immunity lack merit.  Accordingly, we affirm.

 








I.  Factual and Procedural History

Appellants Virginia and Jose Carrasco
hired a contractor to demolish a single-story building and construct a
two-story building in its place.  The first floor of the new building was
intended for commercial use, and appellants planned to use the second floor as
a residence.  According to appellants, the contractor retrieved the plans for
the original one-story structure from the City of Alvin (Athe City@), altered the plans to include a
second floor, and used the altered plans to obtain construction permits from
the City.  One or more engineers for the City inspected the work and issued
additional permits during the course of construction. 

Appellants allege that the contractor
abandoned the job when the structure was 80% complete, leaving the new building
with numerous construction defects.  Appellants emphasize that the City
approved the second floor of the building for occupancy, but did not approve
the first floor.

Appellants sued the contractor, an
engineer, and the City, asserting claims of fraud, negligence, negligent
misrepresentation, breach of contract, and violations of the Texas Deceptive
Trade Practices Act.[1]  The City
filed a plea to the jurisdiction asserting governmental immunity from suit. 
The trial court granted the plea and dismissed appellants= claims against the City.  This
interlocutory appeal ensued.

II.  Issues
Presented








In four issues, appellants argue that
the trial court erred in granting the City=s plea to the jurisdiction because
(1) the City expressly waived immunity; (2) the inspection of buildings and
enforcement of building codes is a proprietary function for which immunity has
been waived by statute; (3) the City failed to comply with its duty under the
police power of the State of Texas, and no case or statute grants a
municipality immunity when it fails to meet its obligation under its police
power; and (4) the City is estopped from asserting the defense of immunity
because it promised to seek protection of appellants= safety and welfare.

III. 
Standard of Review

Because the existence of
subject-matter jurisdiction is a question of law, we review a trial court=s ruling on a plea to the
jurisdiction  de novo.  Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004). 
In conducting this review, we construe the pleadings in the plaintiffs= favor and look to the pleaders= intent.  County of Cameron v.
Brown, 80 S.W.3d 549, 555 (Tex. 2002).  Thus, we construe the pleadings
liberally in favor of conferring jurisdiction.  See Tex. Dep=t of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002) (per
curiam).  When plaintiffs fail to plead facts that establish jurisdiction, but
the petition does not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading sufficiency, and the trial court
should afford the plaintiffs an opportunity to amend.  County of Cameron,
80 S.W.3d at 555.  On the other hand, if the pleadings affirmatively negate the
existence of jurisdiction, then the trial court may properly grant a plea to
the jurisdiction without allowing the plaintiffs an opportunity to amend.  Id. 


IV. 
Analysis

A.        Governing Law








Governmental immunity applies to
political subdivisions of the State, including counties, school districts, and
cities.  Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3
(Tex. 2003).  It encompasses both immunity from suit and immunity from
liability.  See Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex.
1997) (discussing sovereign immunity, from which governmental immunity is
derived), superseded by statute on other grounds.  Immunity from suit
deprives the trial court of subject-matter jurisdiction and bars an action
against the governmental unit in the absence of express, clear, and unambiguous
consent to suit.  Tex. Gov=t Code Ann. ' 311.034 (Vernon 2005) (A[A] statute shall not be construed as
a waiver of sovereign immunity unless the waiver is effected by clear and
unambiguous language.@); Travis County v. Pelzel & Assocs., Inc., 77
S.W.3d 246, 248 (Tex. 2002) (AExpress consent is required to show that immunity from suit
has been waived.@), superseded by statute on other grounds.

B.        Express Waiver of Immunity

In their first issue, appellants
contend that the City waived immunity from suit because it Aexpressly acknowledged that it was >not aware of a theory under which the
City=s code compliance and building
department would be responsible for any engineering defects or construction
anomalies other than those which specifically violated the building codes of
the City of Alvin.=@  Appellants provide no citation to
the record in support of their contention that such a statement was made or
that it was made by a person authorized to make such a statement on the City=s behalf.[2] 
Moreover, they cite no authority for the proposition that such a statement
waives immunity to suit, nor do we find this to be the case.

A governmental unit waives immunity
from suit only through its express consent.  Catalina Dev., Inc. v. County
of El Paso, 121 S.W.3d 704, 705 (Tex. 2003).  Such consent may be found in
the language of a statute if such language is clear and unambiguous.  Tex. Gov=t Code Ann. ' 311.034 (Vernon 2005). 
Alternatively, when a municipality institutes litigation asserting claims for
monetary relief, it waives immunity from suit regarding claims Agermane to, connected with, and
properly defensive to@ its own claims.  Reata Constr. Corp. v. City of Dallas,
197 S.W.3d 371, 376B77 (Tex. 2006).  Neither of these circumstances is present
here.  








Appellants= argument instead assumes, inter
alia, that the City is amenable to suit for the acts for which it is Aresponsible.@  But governmental immunity protects
cities from both liability and suit without regard to whether the entity is, in
some broader sense, Aresponsible.@  A municipality=s lack of responsibility for harm is
not a prerequisite to governmental immunity; it is the result of governmental
immunity.  Consequently, we disagree that the mere implication that the City
could be Aresponsible@ under some theory is the equivalent of express consent to
suit.

We overrule appellants= first issue.

C.        Statutory
Waiver of Immunity

Appellants= second issue turns on the
distinction between a municipality=s governmental and proprietary
functions.  A[G]enerally speaking, a municipality=s proprietary functions are those
conducted >in its private capacity, for the benefit only of those within its
corporate limits, and not as an arm of the government.=@   Tooke v.
City of Mexia, 197
S.W.3d 325, 343 (Tex. 2006) (quoting Dilley v. City of Houston, 148 Tex.
191, 193, 222 S.W.2d 992, 993 (1949), superseded by statute on other grounds). 
In contrast, Agovernmental functions are >in the performance of purely
governmental matters solely for the public benefit.=@  Id. (quoting Dilley,
148 Tex. at 193, 222 S.W.2d at 993).  

This distinction has important
implications for the municipality=s governmental immunity.  When a
municipality commits a tort while engaged in a governmental function, its
liability is determined by the provisions of the Texas Tort Claims Act.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 101.0215(a) (Vernon 2005); Martinez
v. City of San Antonio, No. 04-05-00775-CV, 2006 WL 3497250, at *3 (Tex.
App.CSan Antonio Dec. 6, 2006, no pet.
h.).[3] 
On the other hand a municipality is not immune from suit for torts committed in
the performance of its proprietary functions.  Tooke, 197 S.W.3d at 343.








Texas Civil Practice and Remedies
Code section 101.0215(a) classifies a municipality=s actions concerning building codes,
building inspections, plat approval, and engineering as governmental
functions.  Tex. Civ. Prac. & Rem.
Code Ann. ' 101.0215(a)(28)B(30) (Vernon 2005).  By statute, the
proprietary functions of a municipality do not include governmental
activities.  Id. ' 101.02158. 

Relying on Texas Local Government
Code section 214.2128, appellants argue that building inspections and code
compliance activities nevertheless are proprietary in nature.  See Tex. Loc. Gov=t Code Ann. ' 214.2128 (Vernon Supp. 2006).[4]  Pursuant to
this statute, A[a] municipality may establish procedures: (1) to adopt local amendments
to the International Residential Code; and (2) for the administration and
enforcement of the International Residential Code@ (the AIRC@).  Id.  Appellants argue,
without supporting authority, that a municipality=s actions in administering and
enforcing the IRC are proprietary because this provision uses the word Amay@ and therefore is permissive. 
Although appellants acknowledge that this contention is directly contradicted
by the classifications of these actions as governmental functions in Texas
Civil Practice and Remedies Code section 101.0215(a), they nevertheless assert
that, because Texas Local Government Code section 214.2128  is the later-enacted statute, it
effectively abrogates the earlier-enacted provision.

This argument is unpersuasive for
several reasons.  First, appellants cite no authority for the proposition that
when a statute permits but does not require a municipality to take certain
actions in connection with a governmental function, that function ceases to be
governmental and becomes proprietary.  This argument is therefore waived.  See
Tex. R. App. P. 38.1(h).








Additionally, the record before us
does not show that section 214.2128 applies in this case.  For the
purposes of this section, the term Aresidential@ is defined in relevant part as Ahaving the character of a detached
one-family or two-family dwelling or a multiple single-family dwelling that is
not more than three stories high with separate means of
egress . . . .@  Tex.
Loc. Gov=t Code Ann. '' 214.211(3) (Vernon Supp. 2006).
In contrast,  Acommercial@ is statutorily defined as Aa building for the use or occupation
of people for a public purpose or economic gain.@  Id. ' 214.211(5)(A).  Appellants have
consistently asserted that the building at issue is a Ajoint residential and commercial
structure@ in which the first floor was constructed for commercial use while the
second floor was intended to serve as appellants= residence.  The second floor of the
building is neither detached from the commercial portion of the building nor a Amultiple single-family dwelling@; thus, on the record before us, the
building does not appear to fall within the statute=s definition of a Aresidential@ structure.  See id. ' 214.211(3).  On the other hand,
the structure is Aa building for the use or occupation of people for . . .
economic gain,@ and therefore falls within the statute=s definition of Acommercial.@  See id.  ' 214.211(5)(A).  Section 214.212
applies only to residential structures.  See id.  '' 214.212(a), (b); Act of April
24, 2001, 77th Leg., R.S., ch. 120, ' 3, 2001 Tex. Gen. Laws 238,
240.   In the absence of any citation to the City=s building code, the IRC, or evidence
regarding the procedures the City used in administering and enforcing the
provisions of the IRC as applied to this building, there is no basis on which
to conclude that section 214.212 has any application to the facts of this case.

            For
each of the foregoing reasons, we overrule appellants= second issue.          

D.        Police
Power

Appellants contend that the City Afailed to comply with its duty under
the [p]olice [p]ower of the State of Texas@ by failing to follow its own
guidelines in issuing permits and ensuring compliance with building codes. 
They assert that Athe [p]olice [p]ower creates an agreement where State
agencies will seek to protect the safety and welfare of its [sic] citizens in
exchange for the grant of continued power to do so.@  Appellants reason that their safety
and welfare have been compromised by the City=s omissions, and conclude, AThese matters are within the
subject-matter jurisdiction of the [c]ourt, because the [p]olice [p]ower is not
included addressed [sic] in the Texas Tort Claims Act.@ 








In support of this argument,
appellants cite only to Lombardo v. City of Dallas, 124 Tex. 1, 11, 73
S.W.2d 475, 479 (1934) (upholding the constitutionality of state and municipal
zoning ordinances).  We are unable to determine how this authority supports appellants= contentions.  See Haynes v. City
of Beaumont, 35 S.W.3d 166, 176 (Tex. App.CTexarkana 2000, no pet.) (holding
that appellants waived an issue on appeal by failing to offer supporting
argument demonstrating how the three cases they cited should govern the
reviewing court=s decision).  

Appellants assert that, after a
diligent search, they have found Ano case or statute granting
municipalities immunity when they fail to meet their obligations under its
[sic] [p]olice [p]ower.@  Because cities are immune from suit except to the extent
that such immunity has been waived, the appropriate query is not whether
immunity exists, but whether immunity has been waived.  See, e.g., Reata
Constr. Corp., 197 S.W.3d at 374; Wichita Falls State Hosp., 106
S.W.3d at 694 n.3; Hosner v. De Young, 1 Tex. 764, 769B70 (1847).  Both at trial and on
appeal, appellants have failed to demonstrate that the City waived immunity
from this suit.[5]  Accordingly,
we overrule appellants= third issue. 

 

 

 

 








E.        Estoppel

Again relying on their assertion Athat the [p]olice [p]ower creates an
agreement where State agencies will seek to protect the safety and welfare of
its [sic] citizens in exchange for the grant of continued power to do so,@ appellants reason that the City is Aestopped from asserting the defense
of immunity because it has promised to seek protection of [appellants=] safety and welfare.@  Appellants have cited neither facts
nor law in support of this argument, and there is precedent to the contrary.  See
Saudi v. Brieven, 176 S.W.3d 108, 113 (Tex. App.CHouston [1st Dist.] 2004, pet.
denied) (ASubject-matter jurisdiction cannot be conferred by consent, waiver, or
estoppel at any stage of a proceeding.@); Tourneau Houston, Inc. v.
Harris County Appraisal Dist., 24 S.W.3d 907, 910 (Tex. App.CHouston [1st Dist.] 2000, no pet.) (ANo one is ever estopped from
asserting lack of subject-matter jurisdiction.@).

The Rules of Appellate Procedure
require that briefs Acontain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record.@  Tex.
R. App. P. 38.1(h).  Conclusory arguments citing no authority present
nothing for our review.  Jensen v. State, 66 S.W.3d 528, 534 n.3 (Tex.
App.CHouston [14th Dist.] 2002, pet. ref=d).  Because appellants have failed
to support their argument or provide substantive analysis, we conclude they
have waived their fourth issue. 

V.  Conclusion

Having
overruled each of appellants= issues, we affirm the judgment of the trial court.

                                                                              

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed March 27, 2007.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman. 









[1]  These claims were asserted against all four
defendants; additional claims were asserted against the contractor.





[2]  Appended to appellants= brief is a document purporting to be a letter from a claims specialist
for TML Governmental Risk Pool to appellants=
attorney.  This court is not required to consider evidence attached as exhibits
or appendices to briefs and for which no citation to the record is provided.  See
Tex. R. App. P. 38.1(h);
Worldpeace v. Comm=n for Lawyer Discipline, 183 S.W.3d 451, 465 n.23 (Tex. App.CHouston [14th Dist.] 2005, pet. denied).  However, it
is not necessary for us to consider the document itself.  In a civil case, we
accept the facts stated by an appellant as true unless another party
contradicts them.  Tex. R. App. P. 38.1(f). 
Here, appellants have quoted the relevant portion of the letter, and the City
agrees that such a statement was made by a TML claims specialist.  Although the
City points out appellants= failure to
cite the record, it nevertheless addresses this argument on the merits, as do
we.





[3]  Appellants do not contend that the Tort Claims Act
applies.





[4]  Appellants do not contend that the City=s actions should be considered proprietary under the
common law.  Cf. City of Tyler v. Likes, 962 S.W.2d 489, 500B02 (Tex. 1997) (reversing in part a summary judgment
granted to a city on its assertion of sovereign immunity regarding allegedly
negligent acts that occurred before the State legislature recharacterized as
governmental functions acts that had been characterized as proprietary under
common law).





[5]  As the Texas Supreme Court recently stated:

In this Court=s
second Term, we acknowledged the common-law rule that Ano state can be sued in her own courts without her
consent, and then only in the manner indicated by that consent.@  We gave no basis for this principle of sovereign
immunity, perhaps because a rule then more than six centuries old which the
United States Supreme Court would describe as Aan established principle of jurisprudence in all civilized nations@ required no justification, or perhaps because the
reasons given for the rule had evolved over the centuries, from Athe king can do no wrong@, to preserving the dignity of the state, to protecting state
resources.  The rule remains firmly established, and as it has come to be
applied to the various governmental entities in this State, an important
purpose is pragmatic: to shield the public from the costs and consequences of
improvident actions of their governments.

Tooke, 197
S.W.3d at 331B32 (citations omitted).