

# NUMBER 13-23-00120-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF PHARR, TEXAS,                                              Appellant,

v.

RAUL N. GARCIA AND
R.N. INDUSTRIES L.L.C. D/B/A
PAJARO PROMOTIONS,                                              Appellees.

## ON APPEAL FROM THE 93RD DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion on Rehearing by Justice Longoria**

Appellant City of Pharr (the City) appeals from the denial of its plea to the

jurisdiction seeking to dismiss a breach of contract claim brought by appellees Raul N.

Garcia and R.N. Industries L.L.C. D/B/A Pajaro Promotions (collectively, Pajaro

Promotions). In three issues, the City argues that the trial court erred in: (1) denying its plea to the jurisdiction because the City is immune; (2) denying its plea to the jurisdiction because the "alleged verbal agreement is unenforceable as there was no legal authority to enter into this alleged verbal agreement"; and (3) denying its plea to the jurisdiction as to Pajaro Promotions' claim regarding "naming rights to the City's events center." We reverse and render.[1]

## I.     BACKGROUND

Pajaro Promotions filed its original petition in July 2017, in which it alleged that the City breached its contractual duties regarding a Toby Keith concert held in the City on August 14, 2014. According to Pajaro Promotions, the City failed to pay it for services it rendered pursuant to a contractual agreement. The petition further alleged breach of contact related to the naming rights of the Pharr Events Center.

The City answered, asserting various affirmative defenses, and later filed a plea to the jurisdiction. In its plea, the City argued that Pajaro Promotions failed to show waiver of governmental immunity. The City further stated that the alleged contracts are "unenforceable as there is no legal authority for City employees to enter into such verbal agreements without proper City Commission vote and approval." To its plea, the City attached the contract related to the Toby Keith concert (City-Pajaro Contract), along with Garcia's affidavit, various deposition testimony, and the contract between Toby Keith and

---

[1] Appellees filed a motion for rehearing in this matter. After examining and fully considering the issues raised in appellees' motion, we deny the motion, withdraw our prior opinion and judgment, and issue this opinion and judgment in their stead.

Pajaro Promotions (Keith-Pajaro Contract).

Pajaro Promotions responded to the City's plea to the jurisdiction, arguing that the City entered into written and oral agreements to organize and promote the Toby Keith concert, specifically asserting the agreements required that the City reimburse Pajaro Promotions for their costs and pay a twenty percent promoter's fee. Pajaro Promotions argued that there was no sovereign immunity because the City "was exercising propriety functions."

Following a hearing on the City's plea, the trial court denied the plea to the jurisdiction. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code. Ann. § 51.014(a)(8).

## II.      PLEA TO THE JURISDICTION

### A.      Standard of Review & Applicable Law

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.*

A plaintiff has the initial burden to affirmatively demonstrate the trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). A plea to the jurisdiction may challenge either the sufficiency of jurisdictional allegations in the

pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27; *see Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022). When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015); *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Ryder*, 453 S.W.3d at 927. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 227.

If the plaintiff meets its initial pleading burden and the governmental unit instead challenges the existence of jurisdictional facts, then we consider the relevant evidence submitted. *Metro. Transit Auth. of Harris Cnty. v. Douglas*, 544 S.W.3d 486, 492 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see Mission Consol. Indep. Sch. Dist. V. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the plaintiff. *Douglas*, 544 S.W.3d at 492; *see Garcia*, 372 S.W.3d at 635. We indulge every reasonable inference and resolve any doubts in the plaintiff's favor.

4

*Douglas*, 544 S.W.3d at 492; *see Miranda*, 133 S.W.3d at 226. If the relevant evidence is undisputed or if the plaintiff fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea as a matter of law. *Garcia*, 372 S.W.3d at 635; *see Harris Cnty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 798–99 (Tex. 2016) (op. on reh'g).

## B. Discussion

We first address Pajaro Promotions' assertion that, because the City was acting in a proprietary manner when it entered into the alleged contracts, immunity does not apply and the City is amenable to suit on the breach of contract claim.

### 1. Governmental and Proprietary Functions

To "shield the public from the costs and consequences of improvident actions of their governments," sovereign immunity generally bars claims against the State and its agencies. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Municipal corporations often function in a governmental capacity on the State's behalf but at other times function as "a private corporation," *City of Tyler v. Ingram*, 164 S.W.2d 516, 519 (1942), "for the private advantage and benefit of the locality and its inhabitants." *Wasson Ints., Ltd. v. City of Jacksonville* (*Wasson I*), 489 S.W.3d 427, 433 (Tex. 2016). Because "sovereign immunity is inherent in the State's sovereignty," municipalities "share that protection when they act 'as a branch' of the State but not when they act 'in a proprietary, non-governmental capacity.'" *Wasson Ints., Ltd. v. City of Jacksonville* (*Wasson II*), 559 S.W.3d 142, 146 (Tex. 2018) (quoting *Wasson I*, 489 S.W.3d at 430).

The Texas Supreme Court held in *Wasson I* that this dichotomy is implicated when

5

cities are sued for breach of contract. *See Wasson I*, 489 S.W.3d at 439; *see also City of League City v. Jimmy Changas, Inc.*, 670 S.W.3d 494, 499 (Tex. 2023). "To determine whether a municipality engaged in a governmental or proprietary function when it entered into a particular contract, we look to both the common law and to Texas statutes." *Jimmy Changas*, 670 S.W.3d at 499; *see Wasson II*, 559 S.W.3d at 148.

> Under the common law, proprietary functions are those that a city performs "in its discretion," "primarily for the benefit of those within the corporate limits of the municipality," and not as "an arm of the government" or "a branch of the state" or "under the authority, or for the benefit, of the sovereign." *Wasson II*, 559 S.W.3d at 147 (quoting *Wasson I*, 489 S.W.3d at 427; *Gates v. City of Dallas*, 704 S.W.2d 737, 739 (Tex. 1986); *Dilley v. City of Houston*, 148 Tex. 191, 222 S.W.2d 992, 993 (1949)). Proprietary functions "can be, and often are, provided by private persons." *Id.* (quoting Joe R. Greenhill & Thomas V. Murto III, *Governmental Immunity*, 49 TEX. L. REV. 462, 463 (1971)).

> Governmental functions under the common law are those that involve "the performance of purely governmental matters solely for the public benefit," are "normally performed by governmental units," and are performed "as a branch of the state—such as when a city 'exercise[s] powers conferred on [it] for purposes essentially public . . . pertaining to the administration of general laws made to enforce the general policy of the state.'" *Id.* (quoting *Wasson I*, 489 S.W.3d at 433 (in turn quoting *City of Galveston v. Posnainsky*, 62 Tex. 118, 127 (1884)); *Tooke*[, at] 343 [] (in turn quoting *Dilley*, 222 S.W.2d at 993); Greenhill & Murto, 49 TEX. L. REV. at 463).

*Jimmy Changas*, 670 S.W.3d at 499*.*

The Court went on to explain the statutory definitions as follows:

The Texas Constitution specifically authorizes the legislature to define governmental and proprietary functions "for all purposes." TEX. CONST. art. XI, § 13. Exercising this authority, the legislature has addressed the dichotomy for purposes of tort claims but not for claims for breach of contract. Generally consistent with the common-law descriptions, the Tort Claims Act defines proprietary functions as "those functions that a municipality may, in its discretion, perform in the interest of the inhabitants

6

of the municipality." TEX. CIV. PRAC. & REM. CODE [ANN.] § 101.0215(b). Statutorily, proprietary functions include, but are not limited to, "the operation and maintenance of a public utility," "amusements owned and operated by the municipality," and "any activity that is abnormally dangerous or ultrahazardous." *Id.*

By contrast, the Act defines governmental functions as "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public." *Id.* § 101.0215(a). In addition to this general definition, the Act includes a non-exclusive list designating thirty-six specific activities as governmental functions, ranging from "police and fire protection and control" to "animal control." *Id.* § 101.0215(a)(1), (33).

*Jimmy Changas*, 670 S.W.3d at 499–500.

The City argues it was engaged in a governmental function because the operation of "civic, convention centers, or coliseums" is included among the statutorily defined governmental functions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(16). Pajaro Promotions responds that the City was acting in a proprietary function in providing "amusement" to the inhabitants of the municipality. Pajaro Promotions relies upon the Texas Administrative Code's definition of "amusement services," which includes "musical concerts." 34 TEX. ADMIN. CODE § 3.298(a)(1)(A)(v). This reliance, however, is misplaced. While concerts are included in the Texas Administrative Code's definition of amusement services, when determining the definition of "amusement" to "aid in our inquiry" in deciding a governmental versus proprietary distinction, we look to the Texas Tort Claims Act (TTCA). *See Wasson II*, 559 S.W.2d at 148. The TTCA includes operation of "civic, convention centers, or coliseums," as designated governmental functions. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(16). Our sister courts in San Antonio and Dallas have

7

held that all actions related to a designated government function are reclassified as governmental by the statute, "regardless of the city's motive for engaging in the activity." *City of San Antonio v. Butler*, 131 S.W.3d 170, 177 (Tex. App.—San Antonio 2004, pet. denied); *see Tex. River Barges v. City of San Antonio*, 21 S.W.3d 347, 356–57 (Tex. App.—San Antonio 2000, pet. denied) (finding city's removal of barge company from marina was included within government function of operating a marina and park, even if removal was motivated by desire to protect city's profit by exclusive contract with another barge company); *City of Dallas v. Reata Constr. Corp.*, 83 S.W.3d 392, 395 (Tex. App.—Dallas 2002, pet. filed) (finding that marking the location of water main is encompassed by government function of "waterworks" and water services); *Mitchell v. City of Dallas*, 855 S.W.2d 741, 744 (Tex. App.—Dallas 1993) (noting activities related to the operation of a city park may not be proprietary because TTCA lists "parks and zoos" as government function), *aff'd*, 870 S.W.2d 21 (Tex. 1994). Accordingly, because the TTCA lists operation of "convention centers" as a government function, we decline to find that contracting to hold an entertainment concert at one of those centers converts the function into one of a proprietary nature. *See Mitchell*, 855 S.W.2d at 744. We conclude that the City's activities as alleged in the lawsuit fall within the City's governmental function of owning, operating, or maintaining a civic or convention center. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(16); *Butler*, 131 S.W.3d at 178.[2] Therefore, the City is immune

---

[2] While Pajaro Promotions' appellate brief goes into great detail regarding the *Wasson* factors, we note that those factors are particularly useful in contract cases "[w]hen a particular municipal activity is *not included in the statutory list* of governmental functions." *City of League City v. Jimmy Changas*, 670 S.W.3d 494, 503 (Tex. 2023) (emphasis added) (citing *Wasson Ints., Ltd. v. City of Jacksonville* (*Wasson II*), 559

to Pajaro Promotions' claims unless immunity has been waived.

## 2. Chapter 271 of the Local Government Code

"If immunity is applicable, *then* the judiciary defers to the legislature to waive such immunity." *Wasson I*, 489 S.W.3d at 435 (emphasis in original) (citing *Tooke*, 197 S.W.3d at 332–33). Section 271.152 of the Local Government Code "waives" the City's "sovereign immunity to suit for the purpose of adjudicating a claim for breach of [certain] contracts," but only "subject to the terms and conditions of" the Act. TEX. LOC. GOV'T CODE ANN. § 271.152. In order for immunity to be waived under § 271.152, "the entity must in fact have entered into a contract." *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011).

> Section 271.151(2) effectively states five elements a contract must meet in order for it to be a contract subject to section 271.152's waiver of immunity: (1) the contract must be in writing, (2) state the essential terms of the agreement, (3) provide for goods or services, (4) to the local governmental entity, and (5) be executed on behalf of the local governmental entity.

*Id.* "'[A] court may determine, as a matter of law, that multiple documents comprise a written contract.'" *Id.* at 137 (quoting *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000)). Stated differently, a written contract may be embodied in multiple documents. *Id.* at 138.

Pajaro Promotions concedes that it did not assert waiver of immunity pursuant to chapter 271 of the local government code in its petition or response to the plea to the jurisdiction, and it does not address the City's governmental immunity arguments on this

---

S.W.3d 142, 150 (Tex. 2018). Here, where we have a governmental function included in the statutory list, we need not address the *Wasson* factors.

9

ground in this appeal. Therefore, this Court must conclude that, on this record, there has been no established waiver under Chapter 271.

### 3. Evidence Affirmatively Negates Jurisdiction

Pajaro Promotions, in its prayer, requests the opportunity to replead to cure any jurisdicitonal defects as determined by this Court. *See Smith*, 326 S.W.3d at 698; *see also City of Freeport v. Briarwood Holdings, L.L.C.*, No. 01-11-01108-CV, 2013 WL 1136576, at *5 (Tex. App.—Houston [1st Dist.] Mar. 19, 2013, no pet.) (mem. op.) (finding, where pleadings did not affirmatively demonstrate or negate jurisdiction, that plaintiff was entitled to a reasonable opportunity to amend). The City, however, challenges the underlying jurisdictional facts, arguing that the evidence affirmatively negates jurisdiction.

A plea to the jurisdiction can properly challenge the existence of jurisdictional facts. In those cases, the court can consider evidence as necessary to resolve any dispute over those facts, even if that evidence "implicates both the subject-matter jurisdiction of the court and the merits of the case." *Garcia*, 372 S.W.3d at 635 (quoting *Miranda*, 133 S.W.3d at 226). If the defendant's "evidence affirmatively negate[s] a jurisdictional fact," *City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2008), and the plaintiff "fails to raise a fact question on the jurisdictional issue," *Garcia*, 372 S.W.3d at 635; *Miranda*, 133 S.W.3d at 228, the governmental unit's immunity is not waived and the claim may be dismissed for want of jurisdiction. *See Garcia*, 372 S.W.3d at 637; *Lopez*, 259 S.W.3d at 150; *Miranda*, 133 S.W.3d at 228.

A plaintiff asserting a breach-of-contract claim must prove (1) the existence of a

10

valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018) (op. on reh'g). Here, the City asserted in its plea to the jurisdiction that Pajaro Promotions' breach of contract claim necessarily fails to establish jurisdiction because the claims are dependent on alleged verbal contracts. The Local Government Contract Claims Act provides that a local government entity that "enters into a contract subject to this subchapter" waives immunity "for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." TEX. LOC. GOV'T CODE ANN. § 271.152. It is not disputed the City is a local government entity under the meaning of the Local Government Contract Claims Act. The "subject to" phrase "incorporates the other provisions of the Act to define the scope of its waiver of immunity." *Hays St. Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 706 (Tex. 2019) (quoting *Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cnty.*, 449 S.W.3d 98, 108 (Tex. 2014)). The City argued in its plea to the jurisdiction that the verbal contracts alleged by Pajaro Promotions do not meet the statutory definition of a "contract subject to this subchapter." *See* TEX. LOC. GOV'T CODE ANN. § 271.151(2)(A) (defining term, in part, as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity"). We agree. Because the alleged contracts upon which Pajaro Promotions bases

11

its claims are verbal rather than written, there is no waiver of governmental immunity for Pajaro Promotions' breach-of-contract action. We conclude that Pajaro Promotions did not bring its suit within the waiver provision of the Local Government Contract Claims Act. *See Zachry Constr. Corp.*, 449 S.W.3d at 108; *see also Obasogie v. Harris Cnty. Hosp. Dist.*, No. 14-19-00316-CV, 2021 WL 1184913, at *5 (Tex. App.—Houston [14th Dist.] Mar. 30, 2021, pet. denied).

The City's first issue is sustained.[3]

### III.    CONCLUSION

We reverse the trial court's judgment and render judgment dismissing appellees' breach of contract claim for want of jurisdiction.[4]

NORA L. LONGORIA
Justice

Delivered and filed on the
11th day of July, 2024.

---

[3] Having determined the the City did not waive immunity and the trial court should have granted the City's plea to the jurisdiction, we need not address the City's second issue. *See* TEX. R. APP. P. 47.1. The parties agree in their appellate briefing that the City's third issue is moot, as the breach of contract claim complained of in issue number three was nonsuited prior to the plea to the jurisdiction.

[4] We note that appellees filed a second amended petition after appellant's notice of appeal was filed in this Court challenging the denial of the plea to the jurisdiction. This opinion only disposes of those claims presented in appellees' plea to the jurisdiction.