**CITY OF EL PASO, Appellant,**

**v.**

**Jose GOMEZ–PARRA and Yolanda Gomez–Parra, Appellees.**

**No. 08–05–00057–CV.**

Court of Appeals of Texas, El Paso.

July 13, 2006.

Charlie F. McNabb, El Paso, for appellant.

David E. Hilles, El Paso, for appellees.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and ABLES, JJ. ABLES, J., sitting by assignment.

## OPINION

RICHARD BARAJAS, Chief Justice.

Appellant, City of El Paso ("City"), appeals the trial court's order denying its plea to the jurisdiction. On appeal, the City raises two related issues contending the trial court erroneously denied its plea to the jurisdiction because: (1) the City

engaged in a governmental function for which it retained its governmental immunity; and (2) that Appellees failed to plead the limited waiver of sovereign immunity under the Texas Tort Claims Act ("TTCA"). *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 2005). We reverse the judgment of the trial court and remand the cause to the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about November 10, 2001, Mr. and Ms. Gomez–Parra bought a 1991 Hyundai from the City of El Paso at an auction. On April 18, 2002, while attempting to cross into the United States, Ms. Gomez–Parra was stopped at the Ysleta Port of Entry when custom officers discovered 27 pounds of marijuana in the vehicle. On April 12, 2004, Mr. and Ms. Gomez–Parra filed a suit against the City alleging claims of negligence and intentional tort against the City from the fact arising out of the marijuana found in the vehicle.[1]

The City filed an original answer, plea in abatement, and a plea to the jurisdiction. In their response, the City raised the affirmative defense of sovereign immunity from liability based on any claim of an intentional tort. Under their plea to the jurisdiction, the City alleged the "Court does not have subject matter jurisdiction over those causes of action brought in tort because the Court only has such jurisdiction if the Plaintiffs' claims fall within the limited waiver of immunity created by the Act, which, the City alleges, they do not."

A hearing on the City's plea to the jurisdiction was held on November 29, 2004. After determining that Appellees had not filed a written response to the City's plea to the jurisdiction, the trial court allowed Appellees' counsel an opportunity to provide a response and the City in turn, an opportunity to reply to such response. In their response to the City's plea in abatement and plea to the jurisdiction, Appellees' argue that the auctioning of the automobiles is a proprietary function and thus, the City cannot claim sovereign immunity. In its response to Appellees' reply, the City argued that because there is no statute, city ordinance, or any other Texas law mandating the inspection of a vehicle prior to auctioning, the search of a vehicle for narcotics prior to its auctioning is a discretionary act for which the City has not waived its immunity. Therefore, even assuming, *arguendo*, that Appellees' claims fall within the limited scope of waiver of immunity established by the TTCA, defendant is nonetheless immune. Furthermore, the City argues that Texas law reveals that seizing, forfeiting, and auctioning an automobile are governmental functions that the City performs as an agent of the State of Texas, in furtherance of Texas law, and for the interest of the public at large. The trial court denied the City's plea to the jurisdiction on January 13, 2005. This appeal follows.

## II. DISCUSSION

In Issue No. One, the City asserts that seizing, forfeiting, and auctioning an automobile is a governmental function pursuant to section 101.0215(a)(1), which lists police protection and control as a governmental function. The City asserts that it is undisputed that the vehicle was seized by the El Paso Police Department and auctioned by the City and that because such procedure is mandated by the Tex. Code Crim. Proc. Ann. Arts. 59.01–59.03, 59.06, the function of auctioning seized ve-

---

1. The claim for intentional tort was dismissed at the plea to the jurisdiction hearing, leaving only the negligent claims alive.

hicles is a governmental function for which the City retains its governmental immunity.[2] In Issue No. Two, the City asserts that the Appellees failed to plead the limited waiver of sovereign immunity under the TTCA. Appellees contend that the language of articles 59.01 and 59.02 is not mandatory and does not state that property that is contraband shall be subject to seizure and forfeiture. The City is not enjoined by the State to sell forfeited automobiles to the highest bidder through an auctioneer. Rather, Appellees contend that the forfeiture and sale of automobiles by the City is a voluntary commitment and is not governmental in nature, but rather a proprietary function that the City chooses to engage in. Furthermore, the Appellees argue that under section 101.0215, police and fire protection and control is a governmental function for which a municipality may be liable under the Texas Tort Claims Act. According to the Appellees, if "selling used cars is not a proprietary function," then such activity would fall under police and fire protection and control and the City would have no immunity.

### A. Standard of Review

 A plea to the jurisdiction is a dilatory plea by which a party challenges a trial court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law to be reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002). In perform-

ing this review, we do not look to the merits of the plaintiff's case but consider only the pleadings and evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). The plaintiff has the burden to allege facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). In the context of suit against a governmental unit, the plaintiff must allege consent to suit either by reference to statute or express legislative permission. *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Texas Parks & Wildlife Dept. v. Garrett Place, Inc.*, 972 S.W.2d 140, 143 (Tex.App.-Dallas 1998, no pet.).

### B. Governmental Immunity

 Sovereign immunity protects the State of Texas, its agencies, and its officials from being sued absent legislative consent. *Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 405 (Tex. 1997). A municipality, such as the City of El Paso, is immune from liability for its governmental functions unless that immunity is specifically waived. *City of El Paso v. Hernandez*, 16 S.W.3d 409, 414 (Tex. App.-El Paso 2000, pet. denied). The law of governmental immunity has traditionally distinguished between a municipality's governmental and proprietary functions. *See City of Galveston v. Posnainsky*, 62 Tex. 118 (1884); *Gates v. City of Dallas*, 704 S.W.2d 737, 738–39 (Tex.1986). A

---

**2.** "The Texas Code of Criminal Procedure mandates that police officers seize vehicles used in the transportation of narcotics. See TEX.CODE CRIM. PRO. ART. 59.01–59.02. Seized vehicles are subject to forfeiture and must be sold at public auction. *Id.* at Arts. 59.03 & 59.06. Further, the money obtained from the auction must be used solely for law enforcement purposes, such as salaries and overtime pay for officers, officer training, specialized investigative equipment and supplies, and items used by officers in direct law enforcement duties. TEX.CODE CRIM. PRO. ART. 59.06(c)(2). This directly relates to law enforcement and protection, which has been specifically listed as a governmental function. TEX. CIV. PRAC. & REM.CODE § 101.0215(a)(1)."

Texas municipal government is only immune for its governmental functions; it has no immunity for any proprietary functions. *Williams v. City of Midland,* 932 S.W.2d 679, 682 (Tex.App.-El Paso 1996, no writ). When a municipality commits a tort while engaged in proprietary functions, it is liable to the same extent as a private entity or individual. *Texas River Barges v. City of San Antonio,* 21 S.W.3d 347, 356 (Tex.App.-San Antonio 2000, pet. denied). Under section 101.0215 of the Texas Tort Claims Act, certain municipal functions are defined as governmental and others as proprietary. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215 (Vernon 2005). The Texas legislature has defined governmental functions as "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public...." TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a). Proprietary functions are "those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality...." TEX. CIV. PRAC. & REM.CODE ANN.

§ 101.0215(b); *see also City of Gladewater v. Pike,* 727 S.W.2d 514, 519 (Tex.1987) (proprietary function is one performed by a city, in its discretion, primarily for the benefit of those within the corporate limits of the city, rather than for use by the general public). A municipality retains its immunity for activities which the legislature has defined as governmental, except to the extent immunity is waived by acts, omissions, and conditions as specified in the Act. *See Williams,* 932 S.W.2d at 682. The Texas Tort Claims Act waives sovereign immunity from liability in three general areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Texas Dept. of Transp. v. Able,* 35 S.W.3d 608, 611 (Tex.2000); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 2005). The Act also waives immunity from suit for all claims for which it waives liability. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.025 (Vernon 2005). Section 101.0215(a) contains a nonexclusive list of activities categorized as governmental functions.[3] *See* TEX. CIV. PRAC. & REM.CODE

---

**3.** Section 101.0215(a) provides that the following functions are governmental:

(1) police and fire protection and control;
(2) health and sanitation services;
(3) street construction and design;
(4) bridge construction and maintenance and street maintenance;
(5) cemeteries and cemetery care;
(6) garbage and solid waste removal, collection, and disposal;
(7) establishment and maintenance of jails;
(8) hospitals;
(9) sanitary and storm sewers;
(10) airports;
(11) waterworks;
(12) repair garages;
(13) parks and zoos;
(14) museums;
(15) libraries and library maintenance;
(16) civic, convention centers, or coliseums;
(17) community, neighborhood, or senior citizen centers;

(18) operation of emergency ambulance service;
(19) dams and reservoirs;
(20) warning signals;
(21) regulation of traffic;
(22) transportation systems;
(23) recreational facilities, including but not limited to swimming pools, beaches, and marinas;
(24) vehicle and motor driven equipment maintenance;
(25) parking facilities;
(26) tax collection;
(27) fireworks displays;
(28) building codes and inspection;
(29) zoning, planning, and plat approval;
(30) engineering functions;
(31) maintenance of traffic signals, signs, and hazards;
(32) water and sewer service;
(33) animal control;
(34) community development or urban renewal activities ...;

ANN. § 101.025(a)(Vernon 2005). If a function is included in this nonexclusive list of governmental functions, it has been deemed governmental in nature by the legislature and we have no discretion or authority to hold otherwise. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(c) ("The proprietary functions of a municipality do not include those governmental activities listed under Subsection (a)."); *Texas River Barges v. City of San Antonio,* 21 S.W.3d 347, 357 (Tex.App.-San Antonio 2000, pet. denied) ("Because the City's actions were encompassed within the governmental functions listed in the Act, we have no discretion to declare the actions proprietary . . . .") (citing *Herschbach v. City of Corpus Christi,* 883 S.W.2d 720, 730 (Tex. App.-Corpus Christi 1994, writ denied); *Mitchell v. City of Dallas,* 855 S.W.2d 741, 744 (Tex.App.-Dallas 1993), *aff'd,* 870 S.W.2d 21 (Tex.1994)).

In this case, we find that the activity of auctioning a seized vehicle is so well aligned with the police and fire protection and control function that the legislature has designated it as a governmental function. As the City points out in its brief, TEX.CODE CRIM. PROC. ANN. arts. 59.01–59.03, mandates the seizure of vehicles used in the transportation of narcotics and that such seized vehicles are subject to forfeiture and must be sold at public auction. Under article 59.06(c)(2), the proceeds of the fund shall be used for law enforcement purpose. *See* TEX.CODE CRIM. PROC. ANN. art. 59.06(c)(2). The sale of the vehicle at auction was an extension of the City's police and fire protection function and as such, the City engaged in an activity that touched on the category of police and fire control listed as a governmental

(35) latchkey programs conducted exclusively on a school campus . . .; and
(36) enforcement of land use restrictions . . . .

function in section 101.0215(a). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(1) (Vernon 2005). Therefore, we find that the City is immune from Appellees' suit and the trial court erred in denying its plea to the jurisdiction. Issue No. One is sustained. Having sustained Issue No. One, and finding that its disposition properly disposes of this appeal, we need not reach Issue No. Two.

For the reasons stated above, we reverse the trial court's judgment and remand the case for proceedings consistent with this opinion.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a).