Affirmed and Memorandum Opinion filed April 19, 2007








Affirmed and Memorandum Opinion filed April 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00926-CV

____________

 

DARYL DWAYNE SMITH, STACY SCHNELL,
and ROSE MARY SMITH, Individually and for the Estate of ROBERT W. SMITH,
Deceased,
Appellants

 

V.

 

CITY OF GALVESTON, Appellee

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 03-62090A

 



 

M E M O R A N D U M     O P I N I O N

Appellants, Daryl Dwayne Smith, Stacy Schnell, and Rose
Mary Smith, Individually and for the Estate of Robert W. Smith, Deceased, are
the surviving spouse and children of Robert W. Smith.  Appellants appeal the
trial court=s granting of the City of Galveston=s plea to the
jurisdiction dismissing their wrongful death and survival actions.  We affirm. 









In their petition, appellants allege that Robert W. Smith
was repeatedly exposed to toxic and carcinogenic chemicals over a thirty-year
career at the Port of Galveston grain facility.  They further claim this
exposure caused Smith to develop leukemia, which resulted in his death. 
Appellants charge the City failed to take precautions to avoid, warn, or
protect Smith from such exposure.  

The City filed a plea to the jurisdiction arguing it is
entitled to governmental immunity and appellants= claims are barred
by the Texas Tort Claims Act.  The trial court granted the plea to the
jurisdiction and dismissed appellants= claims against
the City.  

Subject matter jurisdiction is essential to the court=s power to decide
a case.  Texas Ass=n of Bus. v. Texas
Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993).  Whether a court has
subject matter jurisdiction is a question of law.  Harris County v. Sykes,
136 S.W.3d 635, 638 (Tex. 2004).  

A plea to the jurisdiction challenges the court=s subject matter
jurisdiction.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  When a plea to the jurisdiction challenges the pleadings, we determine
if the pleader alleged facts that affirmatively demonstrate the court=s jurisdiction to
hear the case.  Texas Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  We construe the
pleadings in favor of the plaintiffs and look to the pleaders= intent.  Id. 
If the pleadings do not contain sufficient facts to affirmatively demonstrate
the trial court=s jurisdiction, but not affirmatively
demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiffs should have the opportunity to amend.  Id.
at 226B27.  If the
pleadings affirmatively negate the existence of jurisdiction, then a plea to
the jurisdiction may be granted without allowing the plaintiffs an opportunity
to amend. Id. at 227.

In their first and
second issues, appellants assert the trial court erred in granting the City=s plea to the
jurisdiction, holding that the operation of the Port of Galveston constituted a
governmental function.  Article XII of the City=s Charter provides
the Port of Galveston is to be set aside as a Aseparate utility@ from the City as
follows:








Section 1. 
Designation as a Separate Utility.  The Wharf and Terminal properties
belonging to the City of Galveston, as set forth and described in that certain
ordinance adopted on the 17th day of October 1940, authorizing the issuance of
City of Galveston Wharf and Terminal Facilities Revenue Bonds and execution of
such properties, and the accumulated income and increment thereof, as
heretofore or hereafter acquired by the City, are set apart and designated as a
separate utility of the City, to be known as AGalveston Wharves@ and to be
managed, maintained, operated and controlled as herein provided.

The Texas Supreme Court has recognized that while the City
of Galveston owns the wharves and terminal facilities of Galveston harbor, they
Ahave been set
apart as a separate utility known as the Galveston Wharves.@  City of
Galveston v. Hill, 519 S.W.2d 103, 103 (Tex. 1975).  Moreover, the City Ahas placed its
wharf and terminal facilities under the management and control of the Board of
Trustees of the Galveston Wharves.@  Lake Charles
Harbor & Terminal Dist. v. Board of Trs. of the Galveston Wharves, 62
S.W.3d 237, 246 (Tex. App.CHouston [14th Dist.] 2001, pet. denied); see
also Hill, 519 S.W.2d at 104 (A[T]he management
and control of the Galveston Wharves has been invested in a board of trustees.@).  Thus, the
Wharves is a separate governmental unit from the City.  See Lake Charles
Harbor & Terminal Dist., 62 S.W.3d at 246 (AThe Wharves is
thus a governmental unit, and as such is protected by the doctrine of sovereign
immunity.@).  

Even if the City operates the Port, its operations are
governmental functions.  The Texas Tort Claims Act provides a limited waiver of
governmental immunity if certain conditions are met.  Sykes, 136 S.W.3d
at 638; Turvey v. City of Houston, 602 S.W.2d 517, 519 (Tex. 1980).  AThe
proprietary-governmental dichotomy has been used to determine a municipality=s immunity from
suit for tortious conduct.@  Tooke v. City of Mexia, 197
S.W.3d 325, 343 (Tex. 2006).  








A municipality has no immunity for torts committed in the
performance of its proprietary functions.  Id.  The proprietary
functions of a municipality are those conducted A>in its private
capacity, for the benefit only of those within its corporate limits, and not as
an arm of the government.=@ Id.
(quoting Dilley v. City of Houston, 148 Tex. 191, 222 S.W.2d 992, 993
(1949)).  Thus, when a municipality commits a tort while engaged in a
proprietary function, it is liable to the same extent as a private entity or
individual.  City of Corpus Christi v. Absolute Indus., 120 S.W.3d 1, 3
(Tex. App.CCorpus Christi 2001, pet. denied).  The Act provides a
nonexclusive list of proprietary functions.  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.0215(b)
(Vernon 2005).  

A municipality has immunity for governmental functions,
except to the extent immunity is waived by acts, omission, and conditions as
specified in the Act.  City of El Paso v. Gomez-Parra, 198 S.W.3d 364,
367 (Tex. App.CEl Paso 2006, no pet.).  Governmental functions are
those that are enjoined on a municipality by law and are given by the State as
part of the state=s sovereignty, to be exercised by the
municipality in the interest of the general public.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.0215(a)
(Vernon 2005).  Section 101.0215(a) provides a nonexclusive list of governmental
functions for which a municipality may be held liable under the Act.  Id.;
City of Kemah v. Vela, 149 S.W.3d 199, 203 n.1 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).  

Relying on section 101.0215(b)(1), which provides the Aoperation and
maintenance of a public utility@[1] is a proprietary
function, appellants assert the operation of the Port of Galveston is a
proprietary function.  Thus, according to appellants, the Port of Galveston,
which has been set aside as a Aseparate utility@ under the City=s charter, is a Apublic utility@ under the acts
enumerated as proprietary functions in section 101.0125(b).  However, the Texas
Transportation Code expressly enumerates actions related to owning and
operating a port are governmental functions:

(a) A municipality that owns and operates a port may construct,
acquire, lease, improve, enlarge, extend, repair, maintain, replace, develop,
or operate a port improvement or facility.








(b) A port improvement or facility may be constructed on land acquired
by purchase, lease, or otherwise, and the land, interest in the land, or port
improvement or facility may be conveyed by lease, sublease, or sale by
installment or otherwise on the terms the municipality determines to be
advantageous.

(c) Each power provided by this
section is a public and governmental function, is exercised for a public
purpose, and is a matter of public necessity.

Tex. Transp. Code Ann. ' 54.003 (Vernon
Supp. 2006) (emphasis added).  The Transportation Code is applicable to
municipalities that are located on the Gulf of Mexico, or channel, canal, bay,
or inlet connected to the Gulf, and has a population of more than 5,000.  Tex. Transp. Code Ann. ' 54.001 (Vernon
Supp. 2006).  Appellants do not dispute that the Transportation Code applies to
the City of Galveston.  Moreover, the Texas Supreme Court has already defined
certain actions with regard to the Port of Galveston as governmental
functions.  See Hill, 519 S.W.2d at 105 (stating A[t]he management
of income and revenue from the Galveston Wharves, the setting of rates and the
determination of policies@ are governmental functions which cannot
be delegated or bartered away).  The City=s charter=s designation of
the Wharves and Port as a Aseparate utility@ does not make it
a Apublic utility.@  








Appellants further assert the Texas Supreme Court has held
the operation of the Port of Galveston is proprietary function.  See
Guillory v. Port of Houston Auth., 845 S.W.2d 812, 815B16 (Tex. 1993). 
In Guillory, Guillory, a longshoreman, was unloading cargo, when the
truck he was driving flipped backwards off of a ramp and into a ship=s hold.  Id.
at 812.  The issue in Guillory was whether the liability of the Port of
Houston Authority, which was leasing trucks for profit, could be limited to
$100,000 for its alleged negligence under the Texas Tort Claims Act.  Id.
at 813 (citing Tex. Civ. Prac. &
Rem. Code Ann. ' 101.023).  Guillory argued that the Port
Authority=s leasing of trucks for profit was a proprietary
function and that it should be liable to the same extent as a private entity
conducting the same activity.  Id. at 814.  The court held the Houston
Port Authority, as a navigation district created by the Legislature under
article XVI, section 59 of the Texas Constitution, is Aentirely governmental in
function@ and the
Legislature has not waived immunity for it.  Id. (emphasis added).  

Appellants,
however, rely on the following text from Guillory in support of their
argument:

It cannot be denied that applying immunity based upon the creation of
the governmental unit instead of its function results in certain anomalies and
inconsistencies.  As Guillory points out, the Port of Galveston, owned and
operated by the City of Galveston, is not as fully shielded by immunity as is
the Port of Houston, a water navigation district, even though the two
entities perform similar functions.  

Id. at 815B16 (emphasis
added).  

Appellants= reliance on Guillory is misplaced. 
The court in Guillory did not state that the operation of a port by a
municipality is a proprietary function when it stated Athe Port of
Galveston, owned and operated by the City of Galveston, is not as fully
shielded by immunity as is the Port of Houston, a water navigation district.@  Guillory,
845 S.W.2d at 815.  To the extent Guillory could be read that the
operation of port by a municipality is a proprietary function, such language is
dicta.  Appellants= first and second issues are overruled.  








In their third issue, appellants argue that even if the
operation of the Port of Galveston were a governmental function, the trial
court erred in holding the City possessed complete immunity because it would
still possess limited liability under the Texas Tort Claims Act.  For a
municipality to be liable for a governmental function, liability must arise out
of one of the specific areas of waiver listed under section 101.021.[2] 
Vela, 149 S.W.3d at 203 n.1.  Section 101.021 waives immunity for
performing a governmental function in Athree general
areas: >use of publicly
owned automobiles, premises defects, and injuries arising out of conditions or
use of property.=@  Texas Dept.
of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000) (quoting Lowe v.
Texas Tech Univ., 540 S.W.2d 297, 298 (Tex.1976)).  Appellants= first amended
petition does not allege use of a vehicle, premises defect, or injury arising
out of the condition or use of tangible personal property.  Appellant=s third issue is
overruled. 

Accordingly, the judgment of the trial court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 19, 2007.

Panel consists of
Justices Anderson, Hudson, and Guzman.

 









[1]  Tex. Civ.
Prac. & Rem. Code Ann. '
101.0215(b)(1) (emphasis added).





[2]  Tex. Civ.
Prac. & Rem. Code Ann. '
101.021. (Vernon 2005).