In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-591 CV


 ______________________



PATRICIA ANN POWERS, Appellant



V.



THE CITY OF CONROE AND CONROE ANIMAL CONTROL, Appellees


 




On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 07-06-06222 CV







MEMORANDUM OPINION

 Patricia Ann Powers, acting pro se, sued the City of Conroe and a city department,
Conroe Animal Control, along with city employee, Lieutenant Wayne McCarty, and the
municipal court judge of Conroe, Judge Cates. Pursuant to section 101.106(c) of the Tort
Claims Act, the trial court dismissed McCarty and Cates, the individual defendants, from the
suit. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(c) (Vernon 2005). The trial court
then granted the City of Conroe's plea to the jurisdiction. Powers appeals pro se.

 An appellate court's review of a trial court's ruling on a plea to the jurisdiction is de
novo. See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions
Prop./Cas. Joint Self-Ins. Fund, 212 S.W.3d 320, 323 (Tex. 2006). "[W]e consider the facts
alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence
submitted by the parties." Tex. Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864,
868 (Tex. 2001). 

 In her petition, Powers pled that her neighbors have a "white bichon [frise] intact male
[dog] that runs at large 24/7." She stated the dog would come into her yard and charge at her
three pound chihuahua even though she had told her neighbors to keep their dog out of her
yard. On one occasion when the neighbor's dog tried to attack her dog, Powers fell face-down on concrete on her property as she attempted to separate the dogs; she indicated she
injured herself. Powers called the Conroe Police Department. After Powers gave a report
to the officer who came to her door, he went to the neighbor's house and talked with the
neighbor. Later, the dog again came on her property; she fell a second time while protecting
her dog. Powers called Animal Control, and someone came out and talked to the neighbors. 
On another occasion, the dog attacked her cats on her porch. Powers wrote a letter to her
neighbors about the dog; she telephoned Lieutenant McCarty who, she alleges, is supervisor
of Conroe's Animal Control Department; she states he did not return some of her calls. 
Powers stated in her petition that she placed "no trespassing signs" on her property and also
talked with the city attorney and Judge Cates. She asserted the dog trespassed on her
property approximately fourteen times. Powers alleges she was notified on or about May 10,
2007, that Conroe Animal Control "was not going to do anything." Appellant's basic
complaint is that the defendants (1)
 were negligent and "derelict" in failing to enforce the law
and failing to control and protect her from her neighbors' dog. She requests damages, court
costs, and fees. 

 Absent legislative consent, municipalities in Texas generally have immunity from suit
when they are performing governmental functions. City of Galveston v. State, 217 S.W.3d
466, 469 (Tex. 2007); see Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (Vernon
2005). Section 101.0215 of the Texas Civil Practice and Remedies Code lists "animal
control" and police protection and control as governmental functions. See Tex. Civ. Prac.
& Rem. Code Ann. § 101.0215(a)(1), (33) (Vernon 2005). Governmental immunity from
suit may be asserted in a plea to the jurisdiction. Tex. Dep't of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999). 

 Generally, when suing a governmental entity, a party must establish legislative
consent to sue by either reference to a statute or to express legislative permission. Id. 
Powers includes in her petition and appellate brief several city ordinances and safety
regulations regarding animal control. The ordinances do not contain any provision waiving
immunity from suit. Appellant's petition makes no reference to any basis for waiver of
immunity; her appellate brief references the Tort Claims Act once. We interpret her petition
below and her argument on appeal to be an assertion of waiver of governmental immunity
under that Act. 

 A municipality has immunity for activities that the legislature has defined as
governmental, except to the extent immunity is waived by acts, omissions, and conditions as
set out in the Tort Claims Act. See City of Weslaco v. Borne, 210 S.W.3d 782, 790 (Tex.
App.--Corpus Christi 2006, pet. denied); City of El Paso v. Gomez-Parra, 198 S.W.3d 364,
367-68 (Tex. App.--El Paso 2006, no pet.). The Tort Claims Act waives immunity from suit
on all claims for which it waives immunity from liability. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.025 (Vernon 2005). In three general areas, the Act waives immunity from
liability: "use of publicly owned automobiles, premises defects, and injuries arising out of
conditions or use of property." Tex. Dep't of Transp. v. Able, 35 S.W.3d 608, 611 (Tex.
2000) (quoting Lowe v. Tex. Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976)); Tex. Civ. Prac.
& Rem. Code Ann. § 101.021 (Vernon 2005). The pleadings in this case do not implicate
any of the three general areas. Powers alleged in her petition that the City and its employees
committed the tort of negligence in the exercise of its animal control function by failing to
control the dog that repeatedly trespassed on her property and caused her injury. Powers
does not plead that she was injured as the result of the City's use of tangible personal
property. Section 101.055 of the Civil Practice and Remedies Code provides that Chapter
101 does not apply to a claim arising from the failure to provide, or the method of providing,
police protection. See Tex. Civ. Prac. & Rem. Code Ann. § 101.055 (Vernon 2005). 
Animal control and police protection are governmental functions. Powers has not shown
immunity from suit has been waived for those governmental functions. The trial court
correctly granted the City's plea to the jurisdiction. The judgment is affirmed. 

 AFFIRMED.

 ________________________________

 DAVID GAULTNEY

 Justice


Submitted on March 4, 2008

Opinion Delivered July 31, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Upon motion by the City, the trial court properly dismissed the individual defendants. 
Under section 101.106 of the Texas Civil Practice and Remedies Code, "[if] a suit is filed
under this chapter against both a governmental unit and any of its employees, the employees
shall immediately be dismissed on the filing of a motion by the governmental unit." Tex.
Civ. Prac. & Rem. Code Ann. § 101.106(e) (Vernon 2005). In the motion to dismiss the
individual defendants, the City pled that both McCarty and Cates were in the City's employ. 
Powers has not disputed that assertion and has not alleged that the individual defendants were
acting outside the scope of their employment by the City of Conroe.