



# MEMORANDUM OPINION

No. 04-09-00466-CV

**OLD SOUTH AMUSEMENTS, INC.**,
Appellant

v.

**CITY OF SAN ANTONIO, TEXAS**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-05440
Honorable David Berchelmann, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  July 14, 2010

AFFIRMED

Old South Amusements, Inc. appeals the trial court's order granting the City of San

Antonio's plea to the jurisdiction.  Old South asserts the trial court erred in dismissing its claims

for: (1) conversion because the City was engaged in proprietary actions; and (2) violation of due

process.  We affirm the trial court's order.

## BACKGROUND AND PROCEDURAL HISTORY

The San Antonio Police Department seized gaming machines from four business locations. Old South alleged that it was the lawful and rightful owner of the machines and notified the Department of its ownership. Old South subsequently sued the Department and the City, contending the criminal proceedings against the persons who were in possession of the leased gaming machines had been completed. The only cause of action alleged by Old South in its initial petition was conversion.

Both the Department and the City filed pleas to the jurisdiction, asserting they were immune from Old South's conversion claim because it is an intentional tort. The Department also moved for dismissal because it was not *sui juris* but was a department of the City. The trial court granted the Department's motion and granted the City's plea with regard to the conversion claim. The trial court's order, however, stated that Old South's "lawsuit for order to return the property" was not dismissed.

Old South subsequently filed an amended petition naming only the City as a defendant. In the amended petition, Old South asserted a cause of action for "conversion as a proprietary act," asserting the City was acting in its proprietary capacity in keeping the gaming machines and, therefore, was not immune.

The City filed a plea to the jurisdiction, asserting the sale or auctioning of seized property is a governmental function. The City also filed special exceptions, noting Old South's claim for the return of property was not a valid cause of action. The City recognized that Old South might have been misled by the trial court's prior order stating that "The lawsuit for order to return the property is not dismissed." The trial court granted the plea to the jurisdiction and dismissed the

conversion claim and the claim that the City was acting in a proprietary manner. The trial court also granted the special exceptions.

When Old South failed to amend its pleading in response to the special exceptions, the City moved to dismiss. The trial court entered an order extending the date by which Old South was required to replead. Old South then filed a second amended petition asserting a cause of action for violation of due process, claiming it did not receive proper notice of any forfeiture proceeding. Old South's prayer for relief stated it had been damaged by the City's "acts of conversion" and requested monetary damages in an amount equal to the fair market value of the gaming machines that the City had sold for $237,558.00.

The City filed a plea to the jurisdiction, asserting Old South was barred from bringing a claim for monetary damages against the City for a violation of due process. The trial court granted the City's plea and dismissed Old South's claim. Old South now appeals.

## STANDARD OF REVIEW

A plea to the jurisdiction based on sovereign immunity challenges a trial court's jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). Because the existence of subject-matter jurisdiction is a question of law, we review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Tex. Ass'n of Sch. Bds. Risk Mgmt. Fund v. Benavides Ind. Sch. Dist.*, 221 S.W.3d 732, 734 (Tex. App.—San Antonio 2007, no pet.). We focus first on the plaintiff's petition to determine whether the facts pled affirmatively demonstrate that jurisdiction exists. *Holland*, 221 S.W.3d at 642-43. We construe the pleadings liberally, looking to the pleader's intent. *Id*. at 643. "When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading

sufficiency and the plaintiff should be afforded the opportunity to amend." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). "On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *Id.*

## CONVERSION

In *Texas River Barges v. City of San Antonio*, 21 S.W.3d 347, 356-57 (Tex. App.—San Antonio 2000, pet. denied), this court addressed whether a municipality could be held liable for the tort of conversion. This court noted that when a municipality commits a tort while engaged in a proprietary function, it is liable to the same extent as a private entity or individual. *Id.* at 356. However, when a municipality commits a tort while engaged in a governmental function, its liability is determined by the provisions of the Texas Tort Claims Act (the "Act"). *Id.* Under the Act, a municipality is immune from liability for intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 2005). Therefore, if the City was engaged in a governmental function when it seized and sold the gaming machines, it is immune from liability for conversion. *Tex. River Barges*, 21 S.W.3d at 357.

In Old South's amended petition, it claimed the City was engaged in a proprietary function and, therefore, liable for conversion. Governmental functions are "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public." *Id.* at § 101.0215(a). Proprietary functions are "those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality." *Id.* at § 101.0215(b). In this case, the City was engaged in police protection by enforcing the law when it seized and sold the gaming machines, and police protection is a governmental function. *Id.* at

§ 101.0215(a)(1); *see also City of El Paso v. Gomez-Parra*, 198 S.W.3d 364, 369 (Tex. App.—El Paso 2006, no pet.) (holding auctioning of seized property is a governmental function). Therefore, under the facts of the instant case, the City was immune from liability for conversion, and the trial court properly granted the plea to the jurisdiction as to this claim.

### VIOLATION OF DUE PROCESS

Old South's second amended petition was filed in response to the trial court granting the City's special exceptions as to Old South's failure to state a cause of action by alleging the City failed to return property. In its second amended petition, Old South alleged a cause of action for violation of due process, asserting the City violated its due process by keeping the proceeds from the machines without pursuing either a civil forfeiture action or complying with article 18.18 of the Texas Code of Criminal Procedure. In its prayer for relief, Old South sought damages in an amount equal to the value of the gaming machines.

The City's plea to the jurisdiction was based on Old South's inability to bring a cause of action for monetary damages against a governmental entity for a violation of due process. We agree with the City that the due process provisions of the Texas Constitution do not imply a cause of action for damages. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995); *Patel v. City of Everman*, 179 S.W.3d 1, 13 (Tex. App.—Tyler 2004, pet. denied); *Univ. of Tex. Sys. v. Courtney*, 946 S.W.2d 464, 469 (Tex. App.—Fort Worth 1997, writ denied).

### CONCLUSION

Having determined that Old South failed to state a claim for which sovereign immunity is waived, we must now decide whether its petition is incurably defective or, whether under the facts alleged in the petition, it may be amended to allege a cause within the trial court's jurisdiction. *See Brown*, 80 S.W.3d at 555. Before filing its third plea to the jurisdiction, the

City filed special exceptions to Old South's first amended original petition. The special exceptions were specifically directed at Old South's failure to state an actionable claim against the City for the recovery of the gaming machines. Old South filed a second amended petition; however, the second amended petition still did not assert a valid claim against the City for which its immunity is waived. Therefore, the trial court properly granted the City's plea to the jurisdiction without allowing Old South further opportunity to amend. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 378 (Tex. 2006); *Seals v. City of Dallas*, 249 S.W.3d 750, 761 (Tex. App.—Dallas 2008, no pet.). The trial court's order is affirmed.

Steven C. Hilbig, Justice