**REVERSE and RENDER; DISMISS and Opinion Filed March 1, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00664-CV

**THE CITY OF DALLAS, Appellant**
**V.**
**DAVID ASEMOTA, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-06586-D**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Reichek

This suit concerns a breach of contract claim brought by David Asemota against the City of Dallas following the repossession of a vehicle he purchased at a Dallas Police Department auction. In three issues, the City generally contends the trial court erred in denying its plea to the jurisdiction. For the reasons that follow, we reverse the trial court's order denying the City's plea and dismiss Asemota's claim against the City for lack of jurisdiction.

## Background

The live pleading filed by Asemota asserts the following facts. The City, through its police department, owns and controls a vehicle impound lot called the Auto Pound. The Auto Pound stores vehicles that have been impounded for various reasons including parking violations, street blockage, protective custody, involvement in an accident, or use in the commission of a crime.[1] Every two weeks the Auto Pound conducts an auction to sell impounded vehicles that have been declared abandoned pursuant to section 683 of the Texas Transportation Code.

On November 21, 2018, the City impounded a 2011 Ford Escape. Asemota purchased the vehicle at an auction conducted on January 2, 2019. Several months later, TMX Finance of Texas, Inc. d/b/a Title Max took possession of the car under a claim of repossession. TMX asserted it had not received notice that the City had impounded the vehicle. Asemota states he sent a public information request to the City and, in response, the City claimed to have sent notice of the impoundment via certified mail to the lien holder of record. Asemota further states, however, that the City has not provided him with certified documentation showing it complied with the notice requirements of section 683 of the transportation code.

Asemota brought this suit alleging claims against TMX for conversion and violation of the Texas Theft Liability Act and a claim against the City for breach of

---

[1] Asemota's petition incorporated by reference the "Dallas Police Auto Pound Web Page."

contract. With respect to his claim against the City, Asemota asserts he had an agreement with the City to purchase the vehicle with clear title and the City "breached the agreement by not providing notice to TMX prior to the sale of the vehicle to [Asemota], thus creating a cloud of title."

The City filed a plea to the jurisdiction contending its operation of the Auto Pound was a governmental function for which it was immune from suit and Asemota had not pleaded a valid breach of contract claim for which immunity was waived. Asemota responded that the City's sale of the vehicle was a proprietary function rather than governmental, and he had sufficiently alleged a valid contract between himself and the City. Attached to Asemota's response were auction sales receipts he asserted "evidenced the transaction."

Following a hearing, the trial court denied the City's plea to the jurisdiction. The City then brought this interlocutory appeal.

**Analysis**

A plea to the jurisdiction is a dilatory plea by which a party challenges the trial court's jurisdiction to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2006). The purpose of the plea is to defeat a claim without regard to whether it has merit. *Id*. We review a trial court's order denying a jurisdictional plea based on governmental immunity de novo. *Tx. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

–3–

In performing our de novo review, we consider only the pleadings and evidence pertinent to the jurisdictional inquiry. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff has the burden to allege facts that affirmatively demonstrate the trial court has subject matter jurisdiction. *Tx. Ass'n of Bus. v. Tx. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings in the plaintiff's favor and look to the pleader's intent. *Brown*, 80 S.W.3d at 555. When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* If, however, the pleadings affirmatively negate the existence of jurisdiction, then the plea to the jurisdiction may be granted without allowing the plaintiff to replead. *Id.*

Municipal corporations, such as the City, exercise their broad powers through two different roles: governmental and proprietary. *Wasson Interests, Ltd. v. City of Jacksonville* ("*Wasson II*"), 559 S.W.3d 142, 146 (Tex. 2018). Immunity protects municipalities from suit based on the performance of a governmental function unless there is an express statutory waiver of immunity. *Id.*; *IT-Davy*, 74 S.W.3d at 853. In contrast, when a municipality performs a proprietary function, it is subject to the same duties and liabilities as those incurred by private persons and corporations. *Wasson II*, 559 S.W.3d at 146.

Governmental functions are enjoined on a municipality by law and are given to it by the state, as part of the state's sovereignty, to be exercised in the interest of

the general public. *Wasson Interests, Ltd. v. City of Jacksonville ("Wasson I")*, 489 S.W.3d 427, 439 (Tex. 2016). Proprietary functions are functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality. *Id.* Section 101.0215(a) of the Texas Civil Practice and Remedies Code contains a non-exclusive list of thirty-six governmental functions. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a). If a function is designated in the section as governmental, we have no discretion to determine that the function is proprietary. *See City of Houston v. Downstream Envtl., L.L.C.*, 444 S.W.3d 24, 33 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *Santander Consumer USA, Inc. v. City of San Antonio*, No. 04-20-00341-CV, 2020 WL 7753730, at *9 (Tex. App.—San Antonio Dec. 30, 2020, no pet. h.). Although section 101.0215(a) designates functions as governmental for purposes of the Texas Tort Claims Act, the list is equally dispositive with respect to claims against a governmental entity for breach of contract. *See Wasson II*, 559 S.W.3d at 150; *Wasson I*, 489 S.W.3d at 439; *City of McKinney v. KLA Int'l Sports Mgmt, LLC*, No. 05-20-00659-CV, 2021 WL 389096, at *2 (Tex. App.—Dallas Feb. 4, 2021, no pet. h.).

Among the governmental functions listed in section 101.0215(a) are (1) police protection and control and (2) regulation of traffic. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(1), (21). The pleadings and jurisdictional evidence submitted by Asemota show that the vehicle in question was towed to, stored in, and sold from an impound lot that is owned by the City and used exclusively by the City's police

department to store vehicles seized in connection with such things as parking violations, street blockage, protective custody, accidents, or the commission of a crime. Vehicles that are not claimed from the impound lot are deemed abandoned. *See* TEX. TRANSP. CODE ANN. § 683.012. The Texas Legislature specifically vested law enforcement agencies with the authority to sell abandoned vehicles at auction. *Id*. § 683.014. All proceeds from the sale of an abandoned vehicle must be used for law enforcement agency purposes. *Id*. § 683.015.

This statutory framework makes clear that the City's operation of the impound lot, including its auction of abandoned vehicles, is an integral part of the City's police and traffic regulation powers. The legislature has designated both of these functions as governmental. *See Santander*, 2020 WL 7753730, at *10 (city's impounding and auctioning of vehicles were governmental functions); *City of El Paso v. Gomez-Parra*, 198 S.W.3d 364, 369 (Tex. App.—El Paso 2006, no pet) (same). Asemota attempts to show that the auction was a proprietary function by applying the factors identified by the Texas Supreme Court for distinguishing between proprietary and governmental functions. *See Wasson II*, 559 S.W.3d at 150. But, as this Court and others have previously held, these factors do not apply if the function at issue is among those listed in section 101.0215(a). *See KLA*, 2021 WL 389096, at *3; *Santander*, 2020 WL 7753730, at *9. Because Asemota's pleadings allege a claim against the City based on its performance of a function specifically designated as governmental in section 101.0215(a), the trial court has jurisdiction

over his claim only if there is a valid waiver of immunity. *See IT-Davy*, 74 S.W.3d at 853.

The sole claim Asemota alleged against the City was for breach of contract. Section 271.152 of the Texas Local Government Code waives immunity only for certain contract claims against local governmental entities. TEX. LOC. GOV'T CODE ANN. § 271.152. To fall within the waiver of immunity, the contract must (1) be in writing, (2) state the essential terms of the agreement, (3) concern goods or services provided to the local governmental entity, and (4) be properly executed on behalf of the local governmental entity. *Id.*§ 271.151(2).

Here, even assuming Asemota's alleged agreement with the City met the other requirements for a contract to which the waiver of immunity would apply, the agreement is not for the provision of goods or services *to the City*. It is, at most, a contract for the provision of goods *to Asemota*. Asemota's pleadings, therefore, affirmatively negate the applicability of the waiver provision and show that the trial court lacks subject matter jurisdiction. We conclude the trial court erred in denying the City's plea to the jurisdiction.

We reverse the trial court's order and dismiss Asemota's claim for breach of contract against the City for lack of subject matter jurisdiction.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


200664F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE CITY OF DALLAS, Appellant

No. 05-20-00664-CV          V.

DAVID ASEMOTA, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas

Trial Court Cause No. CC-19-06586-D.

Opinion delivered by Justice Reichek. Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, the order of the trial court denying the plea to the jurisdiction filed by THE CITY OF DALLAS is **REVERSED** and judgment is **RENDERED** that:

the plea to the jurisdiction filed by THE CITY OF DALLAS is **GRANTED** and DAVID ASEMOTA's claim against the CITY OF DALLAS is **DISMISSED FOR LACK OF JURISDICTION**.

It is **ORDERED** that appellant THE CITY OF DALLAS recover its costs of this appeal from appellee DAVID ASEMOTA.

Judgment entered March 1, 2021